UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  CASE NO. 16-20098
v.                               HONORABLE GEORGE CARAM STEEH

KHALIL ABU RAYYAN,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
DISCOVERY (Doc. 51) WITHOUT PREJUDICE**

Now before the court is defendant Khalil Abu Rayyan's motion for discovery. Defendant seeks to have the government turn over all communications between himself and the undercover employee, and identify the undercover employee. The government responds that the redacted information is privileged pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), and the government is only obligated to disclose the information sought if the defendant proves the information is essential to his defense. *See Badley v. United States*, 48 F. App'x 163, 167 (6th Cir. 2002) (citing *United States v. Moore*, 954 F.2d 379, 381 (6th Cir.1992)). The government claims the identity of the undercover employee must be concealed as the undercover employee has been involved in prior investigations, is currently involved in other investigations, and is anticipated to continue to be involved in other investigations regarding criminal activities, including terrorism charges. The government further contends that public dissemination of this information would compromise terrorism and other criminal investigations by alerting subjects of other

-1-

investigations that they are targets. Defendant argues the information is critical to his defense as he has been detained based, in part, on his conversations with the undercover employee, and full unredacted disclosure of those conversations and the identity of the undercover employee is necessary as the information may be favorable and helpful to him.

The government offered to identify the undercover employee if the defendant agrees to a protective order preventing the parties from identifying the undercover employee to the public, including the media. Defendant opposes such an order. In the absence of such a protective order, the government seeks to have this court conduct an *in camera* and *ex parte* hearing whereby the court can review the redactions and determine if discovery is warranted. Federal Rule of Criminal Procedure 16(d) provides:

> **(1) Protective and Modifying Orders.** At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16. Given this guidance, the court ORDERS the government to submit a written statement to be filed on or before May 12, 2016, that the court will consider *ex parte*, setting forth the redacted material and the grounds for restricting discovery of the material identified. Accordingly, plaintiff's motion for discovery (Doc. 51) is DENIED WITHOUT PREJUDICE. The court will fully consider the matter upon receiving the government's written statement to be filed *ex parte*.

IT IS SO ORDERED.

Dated: April 25, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-2-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 25, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk