UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                   Cr. No. 16-20098

v.

                                    Hon. George Caram Steeh

KHALIL ABU RAYYAN,

        Defendant.

_____/

## SUPPLEMENTAL BRIEF IN RELATION TO DEFENDANT'S MOTION  FOR DISCOVEERY

      Khalil Abu-Rayyan, through his attorneys Todd Shanker and Benton Martin of the Federal Defender Office, request that the Court consider the following supplemental information during its ex parte review of the government's discovery.

      On April 25, 2016, the Court issued an order denying without prejudice Mr. Rayyan's motion for discovery. The Court also required the government to submit a written statement, to be considered ex parte, setting forth the redacted material and the government's grounds for restricting discovery of the material identified.

      Rayyan notes that, in addition to redacting the conversations between Rayyan and the two individuals identified as FBI informants, the government maintains that it has no obligation to disclose certain discovery, even in redacted form, that the defense considers material to Rayyan's case. In particular, the defense has requested that the government provide the following information:

1

1. What agency or department or other entity were "Jannah" and "Ghaada" employed by or working for, whether local, state, or federal?

2. Were they agents or informants or some other designation?

3. What other individuals contacted Mr. Rayyan on behalf of the government in any way, and how and when did they do so?

4. All discovery and information generated by the FBI Behavioral Analysis Unit and any similar type information generated by any other local, state or federal agency on Mr. Rayyan.

Counsel for government has indicated he has considered these requests but does not believe the government has an obligation to produce this discovery. Rayyan disagrees and maintains that these materials fall under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, as well as Federal Rule of Criminal Procedure 16. In particular, these materials are relevant to Rayyan's ongoing detention and to sentencing, as the documents help to show why Rayyan made certain comments to the FBI's informants.

The government concedes that the communications between the FBI's undercover employee identified in the discovery as "Jannah" and Mr. Rayyan "fall within the edicts of Rule 16." (R. 60, Gov. Resp. to Disc. Mot., Pg ID 363.) But the defense seeks to clarify that there were at least two informants working with the FBI, as the government has admitted that the FBI "directed" another individual, identified in the discovery as "Ghaada," during that informant's communications with Rayyan. (*Id.* at 361.) Even apart from disclosing the true identity of "Ghaada," the government refuses to even disclose whether he or she was a law enforcement agent working with another local, state, or federal agency. The government also refuses to say whether other informants or government

2

employees contacted Rayyan in an undercover capacity, or whether the FBI's Behavioral Analysis Unit assisted either "Jannah" or "Ghaada" in profiling Rayyan.

The government argues that this discovery does not fall under *Brady* because Rayyan's offense allegedly occurred before his conversations with the informants. (R. 60, Pg ID 363–64.) But *Brady* says the prosecution must disclose information that is favorable to the defense "where the evidence is material either to guilt *or to punishment*." 373 U.S. at 87 (emphasis added); *Cone v. Bell*, 556 U.S. 449, 474–75 (2009) (remanding for further consideration of claim that prosecution suppressed evidence favorable to mitigating defendant's sentence). Information about Rayyan's conversations with the FBI's informants, which has already been used against him for bond purposes, will very likely be used against him at sentencing. Thus, information about the steps the FBI took to manipulate Rayyan is critical to mitigating his sentence. In particular, the FBI's Behavioral Analysis Unit has been known to assist FBI informants by reviewing communications with suspects and offering instructions on suspects' thought processes and how to elicit incriminating statements or actions.[1] This information would serve to undermine the likely

---

[1] *See, e.g.,* Trevor Aaronson, Katie Galloway, *Manufacturing Terror: An FBI Informant Seduced Eric McDavid Into a Bomb Plot. Then the Government Lied About It.*, The Intercept, Nov. 19, 2015, *available at* https://theintercept.com/2015/11/19/an-fbi-informant-seduced-eric-mcdavid-into-a-bomb-plot-then-the-government-lied-about-it/; Human Rights Watch, *Illusion of Justice: Human Rights Abuses in US Terrorism Prosecutions*, July 21, 2014, *available at* https://www.hrw.org/report/2014/07/21/illusion-justice/human-rights-abuses-us-terrorism-prosecutions.

assertion at sentencing that Rayyan is a danger to the community. The above-requested discovery thus falls squarely under the mandates of *Brady* and its progeny.

## Conclusion

Rayyan respectfully requests that, in conducting its ex parte review, this Court require the government to produce the information discussed in this filing, particularly, all discovery and information generated by the FBI Behavioral Analysis Unit regarding Rayyan and any similar type information generated by local, state, or federal agencies. Ultimately, Rayyan requests disclosure of this information to the defense.

        Respectfully submitted,

        FEDERAL DEFENDER OFFICE
        LEGAL AID & DEFENDER ASSN., INC.

        /s/ Todd Shanker
        todd_shanker@fd.org
        (313) 967-5879

        /s/ Benton Martin
        benton_martin@fd.org
        (313) 967-5832

        Attorneys for Khalil Abu Rayyan
        613 Abbott, Fifth Floor
        Detroit, MI  48226

Dated:   April 29, 2016

## CERTIFICATE OF SERVICE

Counsel certifies that on the above date, the foregoing paper was filed with the clerk of the Court using the ECF system, which will send notification to opposing counsel.

        /s/ Benton C. Martin
        Attorney for Defendant