UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                CASE NO. 16-CR-20098
v.                       HONORABLE GEORGE CARAM STEEH

KHALIL ABU RAYYAN,

        Defendant.

_____/

**<u>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. 73)</u>**

On April 18, 2016, this court held a hearing on the government's sealed motion for a psychiatric examination of the defendant Khalil Abu Rayyan, and defendant's motion for bond. The court ruled from the bench and granted the government's sealed motion for a psychiatric examination and denied defendant's motion for bond. Now before the court is defendant's motion for reconsideration of the court's order committing defendant to the custody of the Attorney General for psychiatric or psychological examination through the Bureau of Prisons. For the reasons set forth below, defendant's motion shall be denied.

**A. Background**

Defendant is charged in a two-count indictment with making a false statement to acquire a firearm, and possession of a firearm by a prohibited person. On February 16, 2016, defendant appeared before Magistrate Judge Whalen for a detention hearing. The magistrate judge found that no conditions would reasonably assure the safety of the community, given defendant's online activity stating his support of ISIL, numerous text

message conversations between the defendant and an undercover FBI employee, in which defendant stated his desire to kill and behead others, to skin people like sheep, to set them on fire, and to murder women and children at a Detroit church. He also told the undercover FBI employee that he heard the voice of Shaytan (Satan) telling him to do evil things like burning people alive. At the detention hearing, the government also made an oral motion for a competency evaluation which Magistrate Judge Whalen denied. (Doc. 41 at 20). The government then moved in this court for a competency examination and defendant sought bond. Both motions were thoroughly briefed by both sides and oral argument was held on April 18, 2016. The hearing lasted approximately three hours.

In its written submissions and at the hearing, the government pointed to a number of sources to establish that a competency examination was warranted. A search of defendant's phone unearthed a multitude of disturbing photos including the photo of a man dressed in camouflage, making an ISIL symbol with his hand, and holding the severed head of a woman. In addition to the violent photographs and texts on defendant's phone depicting his approval of ISIL terrorist activities, the government also relied on interviews with the defendant's family who stated that defendant was mentally unstable. His stepmother stated that defendant had been suspended from high school and referred to counseling after he confided to a teacher he dreamed he had shot everyone in his class. Also, at his mental screening at the Wayne County jail, defendant reported "suicidal ideation." Later, defendant recanted and stated he fabricated the suicidal thoughts to avoid being placed in the general population.

In his written response, defendant countered that while the government's evidence may reflect mental illness, it is not sufficient to show mental incompetency, which requires

-2-

a finding that defendant does not understand the charges against him and cannot assist in his defense. On March 14, 2016, defendant appeared for his state court sentencing. Defendant has submitted a recording of that sentencing as evidence that he is competent to stand trial (Doc. 48, Ex. B), which this court has duly considered. While defendant appeared coherent and remorseful at that proceeding, it is insufficient to overcome the government's proofs that defendant may be incompetent. Defendant also relied on the opinion of its clinical psychologist, Dr. Lyle Danuloff, who testified at the hearing for approximately two hours. Dr. Danuloff opined that defendant is currently free from any mental disorder or defect that would compromise his understanding of the nature and consequences of the proceedings against him or that would compromise his ability to assist in his own defense.

The government responded that Dr. Danuloff's opinion should not be credited because he did not interview defendant's family members who indicated that defendant has mental health issues, did not know of defendant's mental health issues in high school, and did not review defendant's Twitter posts, comments, or acknowledged support of ISIL.[1] The government also questioned the manner in which Dr. Danuloff administered the MMPI-

---

[1] At oral argument, the government also called into question Dr. Danuloff's credibility based on judicial findings of bias in other reported and unreported cases. In its motion for reconsideration, defendant argues that the government misrepresented the holdings of those decisions. The court need not resolve this dispute to decide the instant motion, as the court rejected Dr. Danuloff's opinion in this case, not on the grounds that he may have been discredited in other cases, but because his opinion is insufficient to overcome the government's proofs to the contrary. The government's proofs include online postings, text messages, comments to family members, and comments made to the undercover FBI employee, all of which suggest defendant may have a mental defect that renders him unable to understand the charges against him or to assist in his defense.

2 test and the fact that he disregarded many of the measurements of that test, such as those which indicated that defendant was clinically depressed and a psychopathic deviant. (Doc. 68 at 78-79). At the conclusion of oral argument, this court rendered its decision from the bench, and rejected Dr. Danuloff's opinion. The court found it was formed without adequate knowledge of the underlying facts, including the fact that defendant hears voices, has imaginations of mass killings, and is obsessed with some conduct of jihadists including violent gruesome behavior. *Id.* at 99. The court determined that based on the government's proofs, there is reasonable cause to believe that defendant may not able to understand the charges against him or to participate in his defense and thus, ordered a psychiatric examination.

### B. Standard of Law

A motion for reconsideration may only be granted on the following grounds:

> **Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3).

### C. Analysis

Defendant argues the court should vacate its order committing defendant to the custody of the Attorney General for the purpose of conducting a competency examination for three reasons: (1) the court made an error in evaluating whether reasonable cause exists for a psychiatric examination; (2) the court prohibited defense counsel from arguing competency at the hearing; and (3) if a competency examination is ordered, defendant

-4-

requests that it be conducted locally. The court considers each point below and finds no merit to defendant's motion for reconsideration.

**1.      Whether the Court Made a "Palpable Defect"**

First, defense counsel argues that this court made a "palpable defect"in its ruling because the court allegedly confused mental illness with incompetence. To the contrary, the court applied the correct standard of law, carefully evaluated the proofs, and there is no palpable defect in the court's ruling. The procedure for determining competency is set forth in 18 U.S.C. § 4241, which provides, in relevant part:

> **(a) Motion to determine competency of defendant**.—At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant ... the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
>
> **(b) Psychiatric or psychological examination and report.**—Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court....

18 U.S.C. § 4241. The proper standard for ordering a competency hearing is "reasonable cause" that the defendant is incompetent to stand trial. *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008). Factors for the court to consider are "evidence of a defendant's irrational behavior, [the defendant's] demeanor at trial, and any prior medical opinion on competence to stand trial." *Id.* (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)). The court may also consider the opinion of defense counsel. *United States v. Suggs*, 531 F. App'x 609, 621 (6th Cir. 2013).

The statute does not require an evidentiary hearing to determine "reasonable cause." *United States v. Jackson*, 179 F. App'x 921, 932 (6th Cir. 2006). Once the court has determined that a competency hearing is warranted, the district court has discretion to order a psychological examination of the defendant to determine competency. 18 U.S.C. § 4241(b). " A court may order a psychiatric or psychological examination and commit a defendant for a period not to exceed thirty days if the court has 'reasonable cause' to believe that the person may be incompetent to stand trial." *Jackson*, 179 F. App'x at 931 (citing 18 U.S.C. § 4241(a)-(b); 18 U.S.C.§ 4247(b)). This is not an onerous standard and though a precise definition is lacking, the Supreme Court has held that any significant doubt as to the defendant's competency requires a competency evaluation. *Pate v. Robinson*, 383 U.S. 375, 385 (1966). The Sixth Circuit has noted that "[t]he determination of reasonable cause is left in large part to the discretion of the district court." *Harper v. Parker*, 177 F.3d 567, 571 (6th Cir. 1999) (internal quotation marks and citation omitted). The Sixth Circuit has also recognized that "the test is whether there is reasonable cause to believe that the defendant 'might be incompetent to proceed,' not whether the defendant is incompetent." *United States v. Parks*, 1999 WL 1045558, 198 F.3d 248, at *2 (6th Cir. 1999) (table only) (quoting *United States v. Crosby*, 739 F.2d 1542, 1546 (11th Cir. 1984)).

In its written submissions and at the hearing, the government argued a competency examination was warranted based on defendant's statements and actions, mostly those made online and in social media with the undercover FBI employee, and concerns raised by family members. Specifically, the government relied on (1) defendant's statements that Satan had befriended him and told him to do evil things like burn people alive; (2) defendant's text messages with the undercover FBI employee stating, among other things,

a desire to kill and behead people, to skin people like sheep, to set them on fire, and to murder women and children at a Detroit church; (3) defendant's posting of videos of ISIL killings with approval; (4) defendant's suicidal statements at intake at the Wayne County jail; and (5) comments by family members that defendant was mentally unstable and needed mental health screening.  In response, defense counsel stated that the government's request for a competency examination should be denied because (1) defense counsel opines that his client is competent; (2) defendant's psychological expert found defendant to be competent; (3) Magistrate Judge Whalen found defendant to be competent; and, (4) the state judge accepted defendant's plea and sentenced him without questioning his competency.  In its reply and at oral argument, the government challenged the opinion of defendant's expert on the grounds that it is based on insufficient evidence and Dr. Danuloff's limited contact of just over two hours with the defendant.  Specifically, the government attacked Dr. Danuloff's report as it fails to cite to any tests, does not identify that any family members were interviewed, and fails to set forth an awareness of defendants' Twitter posts, comments or acknowledged support of ISIL.

Decisions cited by defendant both in his written response to the government's motion and in his motion for reconsideration do not support his opposition to a court ordered psychological examination.  Defendant cites to three cases from other circuits, none of which involved the denial of a competency *examination*. *See United States v. Garza*, 751 F.3d 1130 (9th Cir. 2014); *United States v. Mitchell*, 709 F.3d 436 (5th Cir. 2013); *United States v. Gillette*, 738 F.3d 63 (3d Cir. 2013).  In each of those post-trial appeals, the Courts of Appeals held that the district court did not err in not sua sponte ordering a competency *hearing,* where the evidence was insufficient to show reasonable

cause that the defendant was incompetent. In fact, in one of those cases, the court had ordered a competency examination, and the Third Circuit held that the district court was not required to sua sponte hold a competency hearing where that court ordered psychiatric examination did not indicate that the defendant was incompetent. *Gillette*, 738 F.3d at 76-77. Unlike those cases where defendants argued on appeal that the lower court should have sua sponte ordered a competency *hearing*, the matter now before the court is whether a competency *examination* is warranted. Depending on the results of that psychiatric examination, this court may not need to go forward with a competency hearing at all.

While defendant may ultimately prove that he is competent to stand trial, the narrow issue before the court in determining whether or not to order a psychiatric exam is not whether the defendant *is* competent, but whether there is reasonable cause to believe he *may be* incompetent. 18 U.S.C. § 4241(a). As the court observed at the hearing, this case presents a close question. (Doc. 68 at 91). In the end, however, the government has shown reasonable cause to believe that defendant may be unable to understand the charges against him or to participate in his defense, based on defendant's online postings expressing, among other things, his belief Satan is speaking to him directly and ordering him to kill and commit evil acts, suicidal ideation following his arrest, concerns about his mental state from family members, and history of mental instability. As the court explained in ruling from the bench, results from the psychiatric test known as the MMPI-2, measured scores that were high for depression, deviance, and impulsive behavior, all of which suggest defendant may be incapable of providing logical responses to his lawyers and may

negatively impact his ability to engage in decision making at trial. (Doc. 68 at 99).[2] Accordingly, defendant has failed to show a palpable defect by which the court has been misled and defendant's motion for reconsideration shall be denied.

### 2. Whether the Court Considered All of Defense Counsel's Arguments

Second, the court considers defense counsel's claim that he was unable to argue the competency motion at the hearing, but was only allowed to present the testimony of his proffered expert, Dr. Danuloff. In his motion for reconsideration, defense counsel argues that the court failed to consider all of his arguments. Specifically, he states he was prevented from arguing that a competency examination was not warranted because Judge Whalen denied the government's oral motion for one at the detention hearing. Defense counsel made this argument in his written brief, (Doc. 48 at 5-6), which the court duly considered. The court is well aware that during the detention hearing held on February 16, 2016, Magistrate Judge Whalen denied the government's oral motion for a competency examination, (Doc. 41 at 20), and made a preliminary ruling that defendant was competent based on defense counsel's representations and the court's own voir dire of the defendant. *Id.* at. 16-19. The government did not appeal Magistrate Judge Whalen's determination that defendant is competent, but filed a new written motion seeking a competency examination. The government need not proceed with this issue by way of a formal appeal, and this court may decide the issue without conducting a review of Magistrate Judge Whalen's ruling. *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989). Moreover, it

---

[2]In his motion for reconsideration, defendant argues it was improper for the court to rely on MMPI-2 test results. This was one of many factors the court considered. Even if the court were not to consider those test results, the court would not alter its decision.

is the practice in this district for magistrate judges to issue reports and recommendations on the issue of competency, and not final orders. *See e.g. United States v. Myles*, 70 App'x 814, 815 (6th Cir. 2003); *United States v. Carr*, No. 12-62-GFVT, 2015 WL 1119481, at *1 (E.D. Ky. Mar. 11, 2015). Although the Sixth Circuit has recognized the authority of a magistrate judge to order a competency examination, *United States v. Jackson*, 179 F. App'x 921, 931-33 (6th Cir. 2006), the general practice in the Sixth Circuit is for district courts to refer the issue of whether to grant a competency examination to a magistrate judge for a report and recommendation only. *See e.g. United States v. Ward*, No. 1:07 CR 431, 2007 WL 2670120, at *1 (N.D. Ohio Sept. 7, 2007); *United States v. Smith*, No. 1:05-CR-150, 2006 WL 1663669, at *1 (E.D. Tenn. June 9, 2006). In any event, the court was aware of Magistrate Judge Whalen's decision when it reached its decision here. That decision is not controlling and the court did not find it to be persuasive either.

Defense counsel also claims that this court failed to consider that Wayne County Circuit Judge Strong recently accepted defendant's plea and imposed sentencing in a related case without conducting a competency examination. Defense counsel argues that defendant's allocution at sentencing in the state case is further proof of his competence. These arguments, however, were set forth in defendant's written brief and a video of that sentencing was attached to defendant's motion. (Doc. 48 at 6, 11 Ex. B). The court duly considered that recording as well as defendant's written argument in reaching its decision. The court found that these proofs were not dispositive, and were insufficient to overcome the government's proofs establishing that reasonable cause exists to justify a competency examination.

In addition, defense counsel argues that the court's failure to mention defendant's FBI interview on February 4, 2016 means that the court did not consider his argument that the interview suggests defendant is competent. Not so. Defense counsel made the argument in his written brief. (Doc. 48 at 12). The court carefully considered all of the written arguments, including that one, in reaching its decision. As defense counsel has failed to show that he wished to make any new arguments, not presented in his written submissions, his argument that he was prevented from arguing his motion orally to the court lacks merit and is not grounds for reconsidering the court's prior order.

### 3.     Custody with the Attorney General is Appropriate

Finally, the court considers defendant's argument that any competency examination should take place locally. This court has entered an order requiring the defendant to be committed to the custody of the Attorney General for psychiatric examination. Section 4247(b) allows for commitment of up to 30 days, with a possible 15 day extension, and that time plus 10 days for travel is excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). In his original motion, defendant argued that placement out of state would hinder his ability to communicate with counsel and separate him from family members. (Doc. 48 at 13). Now defendant argues evaluation in a Federal Medical Center may cause his detention to run up against his guideline sentence in this case which is estimated to be 10 to 16 months. This argument is premature as defendant has not shown that he will be committed for more than 30 days. Although a 30-day commitment to determine competency is a restraint on defendant's liberty, in-custody examination provides greater reliability than an out-of-custody examination as the defendant can be observed over a longer period of time, and Bureau of Prisons psychologists, based on their experience and

expertise in the field, are deemed more qualified than mental health professionals hired by either side. *See United States v. Zhou*, 428 F.3d 361, 380 (2d Cir. 2005). Moreover, defendant has already been detained; thus, any restraint on his liberty is less consequential than if he were out on bond. For these reasons, defendant's request that he be examined locally is DENIED.

### D. Conclusion

For the reasons set forth above, defendant's motion for reconsideration (Doc. 73) is DENIED.

IT IS SO ORDERED.

Dated: May 3, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 3, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk