UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
          Plaintiff,

                                  Case No. 16-20098
v.                               Hon. George Caram Steeh

KHALIL ABU-RAYYAN,

          Defendant.
_____/

GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL
BRIEF IN RELATION TO DEFENDANT'S MOTION FOR DISCOVERY

      The United States files this response to Defendant's Supplemental Brief in Relation to Defendant's Motion For Discovery (hereinafter "Defendant's Supplemental Brief"). In that filing, Abu-Rayyan claims that he is entitled to four items of information pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963). As is more fully discussed below, the government has already provided some of the information he now demands and other items of information sought by him do not exist. To the extent there is any outstanding information that has not been provided to date, that

1

information is neither *Brady* information nor discoverable under Rule 16. Accordingly, Abu-Rayyan's request should be denied.

## DISCUSSION

A.  The Defendant's Request For the Name Of The Agencies That Employ the UCE and "Ghaada"

Abu-Rayyan does not assert that any of the four items of information he seeks in his motion is discoverable or exculpatory on the issue of guilt or innocence. Rather, he claims that the information is discoverable or exculpatory on the issue of the defendant's detention and sentencing, "as the documents help show why the defendant made certain comments to the FBI's informants." (R. 72: Pg ID 569). Abu-Rayyan claims that he made statements relating to his intent and desire to commit violent acts (e.g. beheadings, church shooting) because he was manipulated by government agents into making those statements.[1]

In his supplemental brief, Abu-Rayyan claims that the government is required to disclose the agency or department or other entity that the UCE and "Ghadda" were employed by or working for, whether local, state or federal. (R. 72: Motion Pg ID 568). As early as the filing of the complaint in this case, the government identified UCE as an "FBI undercover employee," (R. 1; PgID 6), and

---

[1] As the Court is aware, the government has described the evidence demonstrating that the defendant made statements relating to his violent intent before conversations with any government agent.

2

so he is already in possession of that information.[2] As to "Ghadda," who the government has previously described as "an individual who was not involved with the FBI's investigation of the defendant,"[3] neither Rule 16 nor *Brady* require that the government disclose the agency or department for whom "Ghadda" may or may not work.

Although Abu-Rayyan makes a general assertion that all of the information he requests is discoverable under Rule 16, he does not specifically explain why he is entitled under Rule 16 to the name of the agency or department that employed "Ghaada." Clearly, this information does not fall within any of the categories of information covered by Rule 16.[4] Further, there is nothing exculpatory about the name of the particular agency or department for whom "Ghaada" may or may not work. That information is simply irrelevant to the Abu-Rayyan's detention or sentencing. As such, the Court should deny Abu-Rayyan's request that the

---

[2] *See also,* Government's Opposition To Defendant's Motion For Bond, (R.59; Pg ID 331)("The defendant was consistent in his support of ISIL when he began talking with an FBI undercover employee (UCE) around December 15, 2015.").

[3] In the Government's Response To Defendant's Motion For Unredacted Discovery, the government stated the following: "On December 8, 2015, an individual who was not involved with the FBI's investigation of the defendant began talking to the defendant through his on-line Twitter account. This individual subsequently informed the FBI of the individual's contact with the Twitter account. After determining that the individual was communicating with the defendant, the FBI had this individual end communications with the defendant, and subsequently, on December 15, 2015, an undercover employee ("UCE") and the defendant began to communicate with each other through the defendant's Twitter account." (R. 60; Pg ID 361).

[4] Rule 16 requires the government to disclose six types of information upon a defendant's request: (1) the defendant's oral statements; (2) the defendant's written or recorded statements; (3) the defendant's prior criminal record; (4) certain documents and objects; (5) certain examinations and test reports; and (6) the content and bases of expert testimony upon which the government intends to rely in its case-in-chief.

government identify what agency or department, if any, for whom "Ghadda" worked.

> B. The Defendant's Request For Information Indicating Whether the UCE and "Ghaada" Were Agents or Informants or Other Designation.

Abu-Rayyan claims that the government is compelled by Rule 16 and *Brady* to disclose information indicating whether the UCE and "Ghaada" were agents or informants, or some other designation. As stated, the government has already disclosed that the UCE is an FBI undercover employee. As for "Ghaada," certainly, Rule 16 does not require that the government specify the particular designation of "Ghadda." Further, there is nothing about any specific designation that constitutes *Brady*. The Supreme Court has held that, for *Brady* purposes, "the evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383, 87 L. Ed. 2d 481 (1985). The Court explained further that a reasonable probability is a "probability sufficient to undermine confidence in the outcome" of the trial. *Id*. Abu-Rayyan has not articulated how the particular designation of "Ghaada" is material to any issue pertaining to sentencing, and for that reason, his request for this information should be denied.

      C.      The Defendant's Request For Information About Other Individuals Who Contacted Him On Behalf of the Government.

Abu-Rayyan argues that he is entitled to information about individuals other than the UCE and "Ghadda" who contacted him.  The government has provided the defense with thousands of documents that consist of the defendant's statements and communications in this case, including all communications that took place between the defendant and any person associated with the United States.   In light of that fact, the Court should deny this request as moot.

      D.      The Defendant's Request For All Information Generated by the FBI Behavioral Analysis Unit And Others.

Lastly, Abu-Rayyan requests all "information generated by the FBI Behavioral Analysis Unit and similar type information generated by any other local, state or federal agency on Mr. Rayyan." (R. 72: Pg ID 568).  The defendant claims that this constitutes *Brady* information because " . . . information about the steps the FBI took to manipulate Rayyan is critical to mitigating his sentence.  In particular, the FBI's Behavioral Analysis Unit has been known to asses FBI informants by reviewing communications with suspects and offering instructions on suspects' thought processes and how to elicit incriminating statements or actions." *Id.* at 569. The government disagrees that such information is discoverable pursuant to *Brady* or the Federal Rules of Criminal Procedure. In any event, the FBI Behavioral Analysis Unit did not offer any instructions or advice as

5

to how the UCE or "Ghaada" could elicit incriminating statements by or actions of the defendant, and the government is unaware of any state, local or federal agency who may have generated such information. For this reason, the Court should deny this request.

## CONCLUSION

For the foregoing reasons, the government requests that the Court deny defendant's requests for the four items of information specified in his Supplemental Brief.

                              Respectfully submitted,

                              Barbara L. McQuade
                              United States Attorney

                              *s/Ronald W. Waterstreet*
                              RONALD W. WATERSTREET
                              Assistant U.S. Attorney
                              211 W. Fort St., Ste. 2001
                              Detroit, MI 48226
                              (313) 226-9100
                              ronald.waterstreet@usdoj.gov

Dated: May 26, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on Thursday, May 26, 2016, I electronically filed or caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the counsel for the Defendant:

Todd Shanker

*s/Ronald W. Waterstreet*
RONALD W. WATERSTREET
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9100
ronald.waterstreet@usdoj.gov