UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

v.

    Case No. 16-20098
    Hon. George Caram Steeh

KHALIL ABU-RAYYAN,

        Defendant.
_____/

GOVERNMENT'S MOTION TO PRECLUDE ENTRAPMENT DEFENSE

The United States of America, by and through its undersigned counsel, files this motion to preclude the defendant from presenting a defense of entrapment at trial. In support of this motion, the government states:

1. Based on arguments of counsel at the defendant's three bond hearings and counsel's statements made to the media, the government believes that the defendant is likely to raise the entrapment defense at trial.

2. The defense of entrapment is an affirmative defense that has two elements: "(1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to engage in the criminal activity." *United States v. Khalil*, 279 F.3d

1

358, 364 (6th Cir. 2002). "[T]he defendant must come forward with evidence to support both elements of the defense." *Id.*

3. For the reasons described more fully in the accompanying brief, the defendant cannot present sufficient evidence of both elements of the entrapment defense and should therefore be precluded from asserting it at trial.

4. The government sought, but was unable to obtain, the concurrence of defense counsel in this motion.

        Respectfully submitted,

        BARBARA L. MCQUADE
        United States Attorney

        *s/Ronald W. Waterstreet*
        RONALD W. WATERSTREET
        Assistant U.S. Attorney
        211 W. Fort St., Ste. 2001
        Detroit, MI 48226
        (313) 226-9100
        ronald.waterstreet@usdoj.gov

Dated: September 1, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
         Plaintiff,

v.

KHALIL ABU-RAYYAN,

         Defendant.
_____/

Case No. 16-20098
Hon. George Caram Steeh

GOVERNMENT'S MOTION TO PRECLUDE ENTRAPMENT DEFENSE

The United States of America, by and through its undersigned counsel, files this brief in support of its motion to preclude the defendant from presenting a defense of entrapment at trial. The defendant cannot make out the two essential elements of the defense, namely that the government induced him to commit the crimes charged and that he lacked predisposition to commit the crimes. He is therefore not entitled to present the entrapment defense as a matter of law.

BACKGROUND

During May of 2015, the Federal Bureau of Investigation (FBI) in Detroit received information regarding an individual who was on the publicly viewable portion of Twitter and who was tweeting and re-tweeting extremist views in support

3

of a foreign terrorist organization, namely, the Islamic State of Iraq and Levant ("ISIL"). The FBI determined that the individual was Khalil Abu-Rayyan.

The FBI discovered, by reviewing some of his postings on his Twitter account, that on February 19, 2015, Abu-Rayyan posted a photograph of himself wearing a camouflage jacket in the presence of two other similarly dressed individuals. The defendant was holding a semi-automatic handgun in his right hand, while holding up his left hand with his index finger extended upward. Raising a single index finger is a gesture commonly used by ISIL fighters and is commonly found in images of ISIL fighters.[1]

On October 3, 2015, Abu-Rayyan went to a Dunham's sporting goods store in Dearborn, Michigan to buy a gun. A follow-up investigation revealed that Abu-Rayyan had purchased a .22 caliber revolver made by Heritage Manufacturing Incorporated. As part of the process of purchasing the gun, Abu-Rayyan filled out a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosive Form 4473, Firearms Transaction Record. On Question 11.e of that form, the defendant was asked: "Are you an unlawful user of, or addicted to, marijuana or any depressant,

---

[1] The FBI found numerous other posts, re-posts and statements made by Abu-Rayyan asserting his support for ISIL. As early as July of 2014, Abu-Rayyan discussed conducting jihad because he believed that Israel was "killing everyone" and that he could not be a bystander to the "genocide." Beginning as early as November of 2014, Abu-Rayyan had likewise been re-tweeting, liking, and commenting on ISIL propaganda on his Twitter account. This included him actively seeking out the internet links to gruesome ISIL videos, posting them on his Twitter accounts and then posting positive comments after viewing the executions and killings depicted in the ISIL videos. On January 22, 2015, Abu-Rayyan added to his "Favorites" on his Twitter account a photograph of a person about to have his throat slit with a knife.

stimulant, narcotic drug, or any other controlled substance?" The defendant checked "No" and signed the form.

On October 5, 2015, Abu-Rayyan returned to pay for and take possession of the gun. The defendant's own admissions to law enforcement and doctors, admissions of counsel, and statements from family members, all corroborate that Abu-Rayyan was a heavy marijuana addict/user beginning back in high school and continuing through the time period in which he purchased the firearm.

On November 15, 2015, the defendant attempted to purchase another pistol, a 9mm magazine-fed, 8 shot, semi-automatic handgun. During this attempted purchase, he used a different sporting goods store than he had used for his first firearm purchase. Because of the pending State case related to his October 7, 2015 arrest, the defendant was unable to purchase the second pistol. On the same date, the defendant and his cousin went to a local firing range. While at the firing range, the defendant rented an AK-47 and an AR-15 assault weapon.

On December 15, 2015, a FBI undercover employee (UCE), using a FBI created identity, began communicating with Abu-Rayyan through his Twitter account. During their ensuing communications, Abu-Rayyan, believing the UCE to be a like minding ISIL supporter, began confiding in the UCE concerning his plans to kill people, hearing voices ("Shayatan" (Satan)) telling him to hurt and kill people, his desire to engage in jihad abroad, or if prevented from traveling, committing jihad

5

here in the United States, his fascination with wanting to behead someone, and his eagerness to kill women and children.

On February 4, 2016, the defendant was arrested for illegal possession of a firearm by a drug user. On February 16, 2016, the defendant was indicted for making a false statement to acquire a firearm on October 3, 2015 and possession of a firearm by a prohibited person (drug user) on October 5, 2015.

## ANALYSIS

"A valid entrapment defense requires proof of two elements: (1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to engage in the criminal activity." *United States v. Khalil*, 279 F.3d 358, 364 (6th Cir. 2002). "[T]he defendant must come forward with evidence to support both elements of the defense." *Id.* A defendant is only entitled to an entrapment instruction when "there is sufficient evidence from which a reasonable jury could find entrapment." *Mathews v. United States*, 485 U.S. 58, 62 (1988). When the evidence "clearly and unequivocally establishes that the defendant was predisposed" to commit the crime, the district court "is justified in denying an entrapment instruction." *Khalil*, 279 F.3d at 365. The Sixth Circuit has repeatedly affirmed district court decisions denying an entrapment defense when a defendant has failed to demonstrate government inducement or lack of predisposition. *United States v. Schuttpelz*, 467 F. App'x 349, 353-54 (6th Cir. 2013); *United States v. Demmler*,

655 F.3d 451, 456-58 (6th Cir. 2011); *United States v. Poulsen*, 655 F.3d 492, 501-03 (6th Cir. 2011); *United States v. Dixon*, 396 F. App'x 183, 185-86 (6th Cir. 2010); *United States v. Summers*, 238 F. App'x 74, 75-77 (6th Cir. 2007). The defendant cannot present evidence to adequately support either element of the entrapment defense, and should be precluded from raising it.

1. The Defendant Cannot Show That the Government Induced Him to Commit the Charged Offenses.

The defendant has argued and is likely to argue that he was "entrapped" based upon communications with the FBI UCE – which began on December 15, 2015. The fundamental flaw in his argument is that Abu-Rayyan had completed all of charged conduct at least two (2) months prior to his first contact with the UCE.

The affirmative defense of entrapment has two elements – the first of which is that the government induced the defendant to commit the crime. In *Sherman v. United States*, 356 U.S. 369, 376, 78 S.Ct. 819, 822, 2 L.Ed.2d 848 (1958), the Supreme Court held that the "evil which the defense of entrapment is designed to overcome" is that situation where "the Government plays on the weaknesses of an innocent party and beguiles him into committing crimes which he otherwise would not have attempted. [footnote omitted]." The Court further held that "entrapment occurs only when the criminal conduct was 'the product of the *creative* activity' of law-enforcement officials." (Emphasis supplied [by the Court]). *Sherman*, 356 U.S. at 376, 78 S. Ct. at 822. Therefore, "[i]t is only when the Government's deception

7

actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play." *United States v. Russell*, 411 U.S. 423, 426, 93 S.Ct. 1637, 1640, 36 L.Ed.2d 366 (1973).

It is a legal and factual impossibility for the United States to have entrapped Abu-Rayyan for the charged crimes. As Abu-Rayyan was a drug user, made the false statement on a gun purchasing form and took possession of the firearm more than two months before he first had contact with the UCE, it is impossible for the United States to have "implanted the criminal design in the mind of the defendant" or for "the criminal conduct to be 'the product of the creative activity' of law-enforcement officials." Rather, it was Abu-Rayyan's decision, and his decision alone, to engage in the criminal conduct of being a drug addict/user, making false statements and illegally possessing the firearm.

    2.    The Defendant Cannot Show That He Lacked Predisposition to Commit the Charged Offenses.

"Lack of predisposition is 'the principal element in the defense of entrapment.'" *United States v. Helton*, 480 F. App'x 846, 848-49 (quoting *United States v. Russell,* 411 U.S. 423, 433 (1973)). A predisposition analysis "focuses upon whether the defendant was an 'unwary innocent' or instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." *Khalil*, 279 F.3d at 365 (quoting *Mathews*, 485 U.S. at 63). To determine whether a defendant was predisposed to commit the offense, various factors can be considered, including:

"the character or reputation of the defendant, including any prior criminal record." *Khalil*, 279 F.3d at 365. This case is about being a drug user, making false statements, and being in possession of a firearm.

Defendant, his counsel, his doctor, and his family have all acknowledged that Abu-Rayyan was a drug addict/user long before and at the time he purchased the firearm. Moreover, on February 19, 2015, during the time was addicted to the drugs, he posted a photograph of himself on his Twitter account holding a firearm. The firearm that he possessed in this photograph was different from the firearm he subsequently purchased on October 5, 2015. There is simply no way that a jury could reasonably conclude that the defendant was not predisposed to commit the crimes charged. *United States v. Elder*, 90 F.3d 1110, 1135 (6th Cir. 1996) (affirming district court's denial of entrapment instruction because defendant was involved in criminal activity "long before" the current case and he therefore could not show lack of predisposition).

    3.    If the Court Permits an Entrapment Defense, the Government Should be Permitted to Introduce Evidence of the Defendant's Character

In the event the Court permits the defendant to raise an entrapment defense at trial, the government seeks to admit evidence of the defendant's prior bad acts in its case-in-chief. Generally speaking, character evidence is not admissible against a criminal defendant. *See* Fed. R. Evid. 404(b). However, "[w]hen entrapment is raised as a defense, the criminal defendant makes his own character an *essential* trial

9

issue. The government may therefore introduce proof of his prior wrongs."[2] *United States v. Roper*, 135 F.3d 430, 434 (6th Cir. 1998) (emphasis added); Fed. R. Evid. 404(a). In such situations, the government is permitted to introduce not only opinion evidence of the defendant's character, but also evidence of "specific instances" of the defendant's conduct. *United States v. Franco*, 484 F.3d 347, 352 (6th Cir. 2007); Fed. R. Evid. 405(b).

In the present case, if the defendant is permitted to raise an entrapment defense at trial, the government should be permitted to introduce in its case-in-chief evidence of the defendant's character, including his motivation for illegally possessing a firearm.

## CONCLUSION

Here Abu-Rayyan committed the charged conduct at least two months before he had any contact with the government. As such, the defendant is clearly unable to establish government inducement and his lack of predisposition. Rather, two months after the completion of his criminal conduct, Abu-Rayyan explained to the

---

[2] Character evidence that is used to address an entrapment defense is admissible under Federal Rule of Evidence 404(a), and therefore is not subject to the same pre-trial notice requirements as Rule 404(b) evidence. *United States v. Franco*, 484 F.3d 347, 351-53 (6th Cir. 2007).

government (i.e. the UCE) his motivation as to why he committed his crimes. For the reasons stated above the government's motion should be granted.

                Respectfully submitted,

                Barbara L. McQuade
                United States Attorney


                *s/Ronald W. Waterstreet*
                RONALD W. WATERSTREET
                Assistant U.S. Attorney
                211 W. Fort St., Ste. 2001
                Detroit, MI 48226
                (313) 226-9100
                ronald.waterstreet@usdoj.gov


Dated:  September 1, 2016

CERTIFICATE OF SERVICE

I hereby certify that on Thursday, September 01, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the counsel for the Defendant:

Todd Shanker

        *s/Ronald W. Waterstreet*
        RONALD W. WATERSTREET
        Assistant U.S. Attorney
        211 W. Fort St., Ste. 2001
        Detroit, MI 48226
        (313) 226-9100
        ronald.waterstreet@usdoj.gov