UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

v.

D-1   KHALIL ABU-RAYYAN,

            Defendant.
_____/

Criminal No. 16-cr-20098
Honorable George Caram Steeh

## STIPULATED AMENDED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Barbara L. McQuade, United States Attorney for the Eastern District of Michigan, and Ronald J. Waterstreet, Assistant United States Attorney, together with Defendant Khalil Abu-Rayyan ("Defendant"), by and through his attorney, Todd Shanker, Esq., hereby submit this Stipulated Amended Preliminary Order of Forfeiture:

1.    The United States of America (the "United States") obtained, an Indictment on or around February 16, 2016, which charged Defendant with Count One, False Statement to Acquire a Firearm, in violation of 18 U.S.C. § 922(a)(6); and Count Two, Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(3). (Docket # 23).

1

2. The Indictment also contains a Forfeiture Allegation which provides that upon conviction, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant shall forfeit to the United States, any property involved in, or property traceable to, any of the violations set forth in the Indictment, including a .22 caliber revolver made by Heritage Manufacturing Incorporated, serial no. P18933, 6 rounds of .22 caliber ammunition, and an additional box containing 52 rounds of .22 caliber ammunition (hereafter "Subject Property").

3. On or about September 13, 2016, Defendant pleaded guilty to Count One and Two of the Indictment, without a Rule 11 Plea Agreement. Defendant acknowledged the Forfeiture Allegation in the Indictment. On that date, he stipulated to the entry of a preliminary order of forfeiture whereby he forfeited to the United States the .22 caliber revolver made by Heritage Manufacturing Incorporated, serial no. P18933, and 6 rounds of .22 caliber ammunition. (Docket # 98). Defendant is also stipulating herein to the forfeiture of the box containing 52 rounds of .22 caliber ammunition.

4. In entering into this Amended Stipulation with respect to forfeiture, Defendant expressly waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing and incorporation of forfeiture in the

judgment and expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Property.

5.  In entering into this Stipulation with respect to forfeiture, Defendant acknowledges he understands that forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the Court to advise him of this at the time that his guilty plea is accepted pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

6.  In entering into this Stipulation with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to forfeiture of the Subject Property based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

7.  In entering into this Stipulation with respect to forfeiture, Defendant agrees that this Order shall become final as to Defendant at entry.

Based on the Indictment, this Amended Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, this Court **ORDERS** that the Subject Property is **FORFEITED** to the United States for disposition according to law, and any right, title or interest of the Defendant, and any right title, or interest that Defendant's heirs, successors, or assigns have, or may have, in the Subject Property, is forever **EXTINGUISHED.**

**THIS COURT FURTHER ORDERS** that upon entry of this Amended Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish on www.forfeiture.gov, notice of this Amended Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury, to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property in accordance with 21 U.S.C. § 853(n). Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right,

4

title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that, after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Amended Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Amended Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture and/or a Final Order of Forfeiture that addresses the disposition of any third party petitions.

**THE COURT FURTHER ORDERS** that after this Amended Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended and/or Final Order of Forfeiture that addresses the disposition of any third party petitions, the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property in such manner as the Attorney General may direct.

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

_____
Ronald W. Waterstreet
Assistant U.S. Attorney
211 Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
ronald.waterstreet@usdoj.gov

Dated: 3/13/2017

_____
Todd Shanker, Esq.
Attorney for Defendant
613 Abbott, 5th Floor
Detroit, MI 48602
(313) 967-5555
Todd_Shanker@fd.org

Dated: 3/13/17

_____
Khalil Abu-Rayyan, Defendant

Dated: 3/13/17

**IT IS SO ORDERED.**

Dated: March 13, 2017

HONORABLE GEORGE CARAM STEEH
United States District Judge