UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                        Cr. No. 16-20098

v.                                             Hon. George Caram Steeh

KHALIL ABU RAYYAN,

           Defendant.
_____/

**<u>PROCEDURAL OBJECTIONS TO SENTENCING OPINION
AND UPWARD VARIANCE PURSUANT TO *BOSTIC*</u>**

On September 13, 2016, Khalil Abu Rayyan pled guilty, without a Rule 11 plea agreement, to one count of firearm possession by a prohibited person and one count of making a false statement in the application for a firearm.

A presentence report was ordered and prepared by the U.S. Probation Department. The department calculated Mr. Abu Rayyan's sentencing guidelines at 15 to 21 months based on a total offense level of 14 and a criminal history category of I. The Government did not object to the presentence report. The government then filed a sentencing memorandum requesting a sentence of 8 years.

1

Mr. Abu Rayyan's sentencing hearing was held on March 13, 2017, and continued on March 27, 2017. Mr. Abu Rayyan, through counsel, argued for a guidelines sentence. The government reiterated its request for a sentence of 8 years.

On April 6, 2017, this Court orally pronounced a sentence of 60 months, a 39 month upward variance from the top of the sentencing guidelines. Among the reasons this Court gave for this substantial upward variance included (a) that the guidelines were not adequate to deal with the severity of the instant offense, and (2) that general deterrence required a non-guidelines sentence.

This Court added that its upward variance took into account the history and characteristics of the defendant, promoting respect for the law and protection of the public. The Court concluded by stating that it would issue a written opinion that further elaborated on the Court's reasons for the sentence imposed and gave the parties 14 days to respond to the written opinion, pursuant to *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004). The Court issued its written opinion, as well as the judgment on this same day. This timely response follows.[1]

---

[1] Mr. Abu Rayyan makes these objections despite the fact that this Court is no longer in a procedural position to entertain them. The Court's entry of judgment divested it of jurisdiction to reconsider its sentence absent the limited circumstances outlined in Federal Rule of Criminal Procedure 35, none of which apply here. *See United States v. Garcia-Robles*, 562 F.3d 763 (6th Cir. 2009) (district court's entry of judgment precluded it from altering sentence based on *Bostic* objections).

**ARGUMENT**

THE DISTRICT COURT'S SENTENCE WAS PROCEDURALLY UNREASONABLE BECAUSE THE COURT FAILED TO ARTICULATE THE APPROPRIATE STANDARD UNDER WHICH ITS FACTUAL FINDINGS WERE MADE.

The Court's sentence was procedurally unreasonable because the oral and written decisions failed to articulate the appropriate burden of proof under which to resolve factual disputes.

Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(B), the Court must resolve all controverted matters. The Court must establish the factual basis for the variance, at a minimum, by a preponderance of the evidence. *See United States v. Mendez*, 498 F.3d 423 (6th Cir. 2007) (sentencing courts' fact-finding must adhere to preponderance of evidence standard) but see [McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986)](#) (5th Amendment due process requires proof by clear and convincing evidence where, as here, uncharged conduct "substantially increase[s]" the defendant's sentence).

Here, the Court failed to articulate the standard under which it purported to establish the facts upon which its significant upward variance relied. While Mr. Abu Rayyan's memorandum and in-court arguments set forth the applicable standards, the government's made no mention of it, nor did the Court's oral pronouncement or written order. Therefore it is impossible to know whether the Court adhered to these

3

burdens when making its factual findings, as required by Supreme Court precedent. See *United States v. Watts*, 519 U.S. 148, 157 (1997)(preponderance) and *McMillan v. Pennsylvania, Id*. (clear and convincing). Because the Court's ruling is at best unclear, it is procedurally unreasonable.

        Respectfully submitted,

        FEDERAL DEFENDER OFFICE
        LEGAL AID & DEFENDER ASSN., INC.

        /s Jessica LeFort
        jessica_lefort@fd.org

        /s Todd Shanker
        todd_shanker@fd.org
        (313) 967-5879

        Attorneys for Khalil Abu Rayyan
        613 Abbott, Fifth Floor
        Detroit, MI  48226

Date: April 18, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Cr. No. 16-20098

v.

                                          Hon. George Caram Steeh

KHALIL ABU RAYYAN,

        Defendant.
_____/

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 18, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of the filing to the following:

                    Ronald W. Waterstreet
                    Assistant U.S. Attorney
                    211 W. Fort Street, Suite 2001
                    Detroit, Michigan 48226
                    ronald.waterstreet@usdoj.gov

                    /s Todd Shanker
                    Federal Defender Office