```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION


   UNITED STATES OF AMERICA,

              Government,
                                    HONORABLE GEORGE CARAM STEEH
        v.
                                    No. 16-20098
   KHALIL ABU-RAYYAN,

              Defendant.
   _____/
                    GUILTY PLEA HEARING

                  Tuesday, September 13, 2016

                          -  -  -

   APPEARANCES:

   For the Government:          RONALD W. WATERSTREET, ESQ.
                                Assistant U.S. Attorney


   For the Defendant:           TODD A. SHANKER, ESQ.

                          -  -  -
```

*To Obtain Certified Transcript, Contact:*
*Ronald A. DiBartolomeo, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 238*
*Detroit, Michigan  48226*
*(313) 962-1234*

*Proceedings recorded by mechanical stenography.*
*Transcript produced by computer-aided transcription.*

**I N D E X**

                                                                   Page

Guilty plea hearing                                                    3

**E X H B I T S**

| Identification | Offered | Received |
|---|---|---|
| Government Exhibit A | 13 | 13 |

```
 1                                      Detroit, Michigan
 2                                      Tuesday, September 13, 2016
 3
 4                            -  -  -
 5          THE CLERK:  Case Number 16-20098, United
 6   States of America versus Khalil Abu-Rayyan.
 7          THE COURT:  Good morning.
 8          MR. WATERSTREET:  Good morning, your Honor.
 9   Ronald Waterstreet on behalf of the United States.
10          THE COURT:  Welcome.
11          MR. SHANKER:  Good morning, your Honor.  Todd
12   Shanker on behalf of Mr. Khalil Abu-Rayyan who is standing
13   to my left, and Benton Martin also of the Federal Defender
14   Office.
15          THE COURT:  Good morning.  Would you like to
16   come up to the podium with your client?
17          MR. SHANKER:  Yes, your Honor.  Thank you.
18          THE COURT:  All right.  This is the date and
19   time established for a plea hearing.  The Court has been
20   advised that Mr. Abu-Rayyan would be pleading guilty today
21   without the benefit of a Rule 11 plea agreement, is that
22   right?
23          MR. SHANKER:  That's correct, your Honor.
24          THE COURT:  All right, Mr. Shanker.  We'll
25   have you sworn, if you would raise your right hand, sir.
```

*16-20098; USA v. KHALIL ABU-RAYYAN*

```
 1              (Defendant sworn in by deputy clerk.)
 2
 3              THE COURT:  Okay.  Would you state your name
 4      for me?
 5              THE DEFENDANT:  Khalil Abu-Rayyan.
 6              THE COURT:  How old are you, sir?
 7              THE DEFENDANT:  Twenty-two.
 8              THE COURT:  Do you read, write and understand
 9      the English language?
10              THE DEFENDANT:  Yes.
11              THE COURT:  Are you now under the influence
12      of any drugs, alcohol or medication?
13              THE DEFENDANT:  No, your Honor.
14              THE COURT:  You understand that you have the
15      right to the assistance of an attorney throughout these
16      proceedings, including the trial, sentence and appeal of
17      the case, and that if you can't afford a lawyer, the Court
18      would appoint counsel to represent you?
19              THE DEFENDANT:  Yes.
20              THE COURT:  Are you satisfied with the advice
21      and help that you received from Mr. Shanker so far?
22              THE DEFENDANT:  Yes, your Honor.
23              THE COURT:  You understand that you're before
24      the Court to plead guilty to the charges in Counts 1 and 2
25      of this indictment?
```

```
 1                THE DEFENDANT:  Yes, your Honor.
 2                THE COURT:  Specifically, Count 1 is false
 3    statement to acquire a firearm, you understand that?
 4                THE DEFENDANT:  Yes, your Honor.
 5                THE COURT:  And Count 2 is -- is there not a
 6    Count 2?
 7                MR. SHANKER:  Count 2 is the possession of a
 8    firearm by a prohibited person.
 9                THE COURT:  Yes, that's what I thought -- oh,
10    here it is.  It was hiding on me.  It is possession of a
11    firearm by a prohibited person, you understand that?
12                THE DEFENDANT:  Yes.
13                THE COURT:  These violations are both
14    punishable by a maximum penalty of 10 years in prison, I
15    believe, you understand that?
16                THE DEFENDANT:  Yes, your Honor.
17                THE COURT:  As well as a maximum fine of
18    $250,000 on each count, you understand that?
19                THE DEFENDANT:  Yes, your Honor.
20                THE COURT:  And you also understand that a
21    sentence, assuming that the Court accepts your guilty
22    pleas here, would include a term of supervised release to
23    follow any term of confinement that the Court might order?
24                THE DEFENDANT:  Yes, your Honor.
25                THE COURT:  And do you understand what
```

1    supervised release is in general?
2            **THE DEFENDANT:**  It's like parole.
3            **THE COURT:**  Yes, correct.  So that you would
4    have certain requirements that you have to abide by, and
5    if you were to violate any of the conditions of
6    supervision, you could be brought back to court and face
7    additional prison time, you understand?
8            **THE DEFENDANT:**  I understand, your Honor.
9            **THE COURT:**  So you understand that in
10   determining a sentence in this case, that the Court would
11   first calculate the advisory guideline range that applies
12   to that decision?
13           **THE DEFENDANT:**  Yes.
14           **THE COURT:**  And in this case, at least on the
15   government's side, the government has calculated that
16   advisory range, if I recall correctly, at 10 to 16 months,
17   is that Mr. Waterstreet?
18           **MR. WATERSTREET:**  Preliminarily yes.  That's
19   assuming he accepts all responsibility.
20           **THE COURT:**  Okay.  So they are anticipating
21   the possibility at least that the Court would determine
22   the advisory range to be 10 to 16 months of confinement,
23   you understand?
24           **THE DEFENDANT:**  Yes.
25           **THE COURT:**  You realize that it's up to the

|    |    |
|----|----|
| 1  | Court, however, to decide what that advisory range is? |
| 2  | **THE DEFENDANT:**  Yes, your Honor. |
| 3  | **THE COURT:**  And then once the Court makes |
| 4  | that determination, it is only one factor that the Court |
| 5  | considers in determining a sentence in the case, you |
| 6  | understand that? |
| 7  | **THE DEFENDANT:**  Yes, your Honor. |
| 8  | **THE COURT:**  And therefore, the sentence could |
| 9  | go below or above the advisory range that the Court |
| 10 | determines applies based on various factors, you |
| 11 | understand? |
| 12 | **THE DEFENDANT:**  Yes. |
| 13 | **THE COURT:**  So has anyone promised you a |
| 14 | specific sentence to cause you to plead guilty today? |
| 15 | **THE DEFENDANT:**  No, your Honor. |
| 16 | **THE COURT:**  Has anyone tried to force you to |
| 17 | plead guilty by any pressure, duress or mistreatment? |
| 18 | **THE DEFENDANT:**  Absolutely not, your Honor. |
| 19 | **THE COURT:**  Do you believe that you're |
| 20 | pleading guilty freely and voluntarily because you are |
| 21 | guilty of the charges? |
| 22 | **THE DEFENDANT:**  Yes, your Honor. |
| 23 | **THE COURT:**  You understand that you have an |
| 24 | absolute right to plead not guilty and to have a trial |
| 25 | instead if you wish? |

1      **THE DEFENDANT:**  Yes, your Honor.
2      **THE COURT:**  And that would in all likelihood
3  would be a jury trial where 12 citizens would sit in the
4  seats over there and make decision as to your guilt or
5  innocence?
6      **THE DEFENDANT:**  Yes, your Honor.
7      **THE COURT:**  And do you understand that a
8  guilty verdict could not be returned by that jury unless
9  every one of them agrees on the outcome?
10     **THE DEFENDANT:**  Yes, your Honor.
11     **THE COURT:**  So for you to be convicted before
12  a jury, all 12 of those jurors deliberating would have to
13  agree that you committed the violation before you could be
14  convicted, do you understand?
15     **THE DEFENDANT:**  Yes, your Honor.
16     **THE COURT:**  And the jury would be evaluating
17  the evidence presented by the government, and would be
18  told that it's the government's burden to prove each
19  element of these charges beyond a reasonable doubt before
20  you could be convicted, do you understand that?
21     **THE DEFENDANT:**  Yes, your Honor.
22     **THE COURT:**  So as it relates to the charges
23  in Count 1, false statements to acquire a firearm, the
24  government would first have to prove that you knowingly
25  made a false oral or written statement to a federally

1    licensed firearm dealer, you understand that?
2         **THE DEFENDANT:** Yes, your Honor.
3         **THE COURT:** And then the second element that
4    they would have to prove beyond a reasonable doubt is that
5    the false statement was made in connection with the
6    acquisition or attempted acquisition of a firearm, you
7    understand that element?
8         **THE DEFENDANT:** Yes, your Honor.
9         **THE COURT:** And thirdly, they would have to
10   prove that the statement was intended or likely to deceive
11   the firearms dealer with respect to a fact that is
12   material to the lawfulness of the sale of the firearm, you
13   understand that?
14        **THE DEFENDANT:** Yes, your Honor.
15        **THE COURT:** Okay.  In connection with Count
16   2, there are also three elements that would be required of
17   the government to prove beyond a reasonable doubt, and the
18   first is that you knowingly possessed the charged firearm,
19   you understand that element?
20        **THE DEFENDANT:** Yes, your Honor.
21        **THE COURT:** And second, that at the time that
22   you possessed the firearm, the defendant, you, were an
23   unlawful user or addicted to a controlled substance as
24   defined by the statute, you understand that?
25        **THE DEFENDANT:** Yes, your Honor.

1           **THE COURT:**  And thirdly, that the firearm
2      crossed a state line prior to the alleged possession, and
3      it's sufficient for this element to show that the firearm
4      was actually manufactured in the state outside of
5      Michigan, you understand that?
6           **THE DEFENDANT:**  Yes, your Honor.
7           **THE COURT:**  By pleading guilty, you're not
8      going to have a trial.  So you're waiving or giving up the
9      right to require the government to prove each of these
10     elements beyond a reasonable doubt, you understand that?
11          **THE DEFENDANT:**  Yes, your Honor.
12          **THE COURT:**  Okay.  So you know at the trial
13     you will be represented by Mr. Shanker, who would have the
14     opportunity to cross examine all of the witnesses called
15     to testify against you by the government?
16          **THE DEFENDANT:**  Yes, your Honor.
17          **THE COURT:**  And in addition, Mr. Shanker
18     could have the Court order witnesses into court to testify
19     for you at the trial if you wish, you understand that?
20          **THE DEFENDANT:**  Yes, your Honor.
21          **THE COURT:**  You understand that, again, the
22     burden of proof would be imposed on the government, and
23     they would have to prove these charges beyond a reasonable
24     doubt?
25          **THE DEFENDANT:**  Yes, your Honor.

1     **THE COURT:** You know that you could testify
2  for yourself at the trial if you wish?
3     **THE DEFENDANT:** Yes, your Honor.
4     **THE COURT:** And on the other hand, you could
5  choose not to testify but to remain silent?
6     **THE DEFENDANT:** Yes.
7     **THE COURT:** You understand if you chose not
8  to testify at the trial, that your silence could not be
9  used against you in any way, you understand that?
10    **THE DEFENDANT:** Yes, your Honor.
11    **THE COURT:** So did I miss anything as it
12  relates to the colloquy so far?
13    **MR. SHANKER:** No, your Honor.
14    **MR. WATERSTREET:** Just two items. I have a
15  checklist, so it is easy for me to follow along.
16      He has the right to testify and present evidence
17  if he so desires.
18      Also, the statutory maximum for supervised release
19  is three years per count. The Court mentioned supervised
20  release, but didn't give the maximum.
21    **THE COURT:** You understand both of those
22  things, sir?
23    **THE DEFENDANT:** Yes.
24    **THE COURT:** All right. So understanding the
25  potential consequences of your plea, and understanding the

```
 1    rights that you're giving up in order to do so, is it
 2    still your wish to plead guilty to the charges?
 3                THE DEFENDANT:  Yes, your Honor.
 4                THE COURT:  How then do you wish to plead to
 5    the charge of false statement to acquire a firearm, guilty
 6    nor not guilty?
 7                THE DEFENDANT:  Guilty, your Honor.
 8                THE COURT:  And how you do you wish to plead
 9    to the charge of possessing a firearm as a prohibited
10    person, guilty or not guilty?
11                THE DEFENDANT:  Guilty.
12                THE COURT:  Tell me --
13                MR. WATERSTREET:  Your Honor, if I may,
14    before he gets into the factual basis.  I sent the Court a
15    letter, and I sent a copy to Mr. Shanker as well.  I hope
16    the Court received my letter, which outlines what the
17    government is prepared to present and prove beyond a
18    reasonable doubt if we went to trial, and I've outlined
19    those items on Pages --
20                THE COURT:  Three and four.
21                MR. WATERSTREET:  -- Page 3 onto Page 4, and
22    I know there are some things, factual basis that he cannot
23    personally make, such as the business that he bought it
24    from was, in fact, from a federal licensed dealer, and if
25    I could, your honor, I would just like to make the -- this
```

1   letter part of the -- as an exhibit to the guilty plea so
2   it has a proper factual basis.
3               **MR. SHANKER:**  No objection, your Honor.
4               **THE COURT:**  All right.  The Court will accept
5   this into the record as part of the plea.
6               **MR. WATERSTREET:**  I will have it marked as
7   Government Proposed Exhibit A.
8               **THE COURT:**  Okay.  So Mr. Abu-Rayyan, you've
9   reviewed this letter, the outline of the proofs that
10  Mr. Waterstreet would intend to present during the course
11  of the trial?
12              **THE DEFENDANT:**  Yes, your Honor.
13              **THE COURT:**  And you've had a chance to
14  discuss this in each of these paragraphs on Page 3 with
15  Mr. Shanker?
16              **THE DEFENDANT:**  I have, your Honor.
17              **THE COURT:**  And are you in agreement that
18  these proofs could and would be presented, and are true to
19  the best of your knowledge?
20              **THE DEFENDANT:**  Yes, your Honor.
21              **THE COURT:**  So you were going to tell me what
22  you did that leads you to believe that you're guilty of
23  the charges.
24              **THE DEFENDANT:**  Yes, sir.  On October 3rd,
25  your Honor, I went to a licensed gun store, and I filled

1    out a form to acquire a firearm, and in that form it
2    asked, am I a user of marijuana.  I marked no, I am not
3    but, in fact, I was, your Honor.
4            **THE COURT:**  And do you accept the fact that
5    whether you're a user of that drug or if, indeed, you had
6    marked the appropriate box, that you would have been
7    denied the sale of the firearm?
8            **THE DEFENDANT:**  Yes, your Honor.
9            **THE COURT:**  And so that fact you recognize is
10   material to the lawfulness to the sale itself?
11           **THE DEFENDANT:**  Yes, your Honor.
12           **THE COURT:**  And this statement you made in
13   completing a form as a written statement?
14           **THE DEFENDANT:**  Yes, your Honor.
15           **THE COURT:**  Do you recall the date that you
16   purchased the --
17           **THE DEFENDANT:**  I went to purchase on
18   October 3rd, but that was clear on October 5th, your
19   Honor.
20           **THE COURT:**  And after you were cleared, you
21   went to pick up the firearm I gather?
22           **THE DEFENDANT:**  I did, your Honor.  I picked
23   up the firearm.  I possessed it for two days, and I was a
24   user of marijuana while possessing the firearm.
25           **THE COURT:**  And that was a physical

1      possession.  Where did you keep it?
2              **THE WITNESS:**  On my hip, your Honor.
3              **THE COURT:**  You also talked with Mr. Shanker
4      about the element of the charge that requires the
5      government to prove that the firearm at some point crossed
6      state lines?
7              **THE DEFENDANT:**  Yes, your Honor.
8              **THE COURT:**  And you talked to Mr. Shanker
9      about what evidence would support the conclusion that this
10     firearm was manufactured outside the state of Michigan and
11     brought in, right?
12             **THE DEFENDANT:**  Yes, your Honor.
13             **THE COURT:**  And you're satisfied that that
14     element was also established by the fact that it was,
15     indeed, manufactured outside the state?
16             **THE DEFENDANT:**  Yes, your Honor.
17             **THE COURT:**  And is there anything else that
18     you believe should be covered in the connection with the
19     plea?
20             **MR. WATERSTREET:**  If he agreed with the
21     factual basis, your Honor, I don't have a problem, but I
22     just want to point out that what he did purchase was -- in
23     fact, met the federal definition of a firearm, that it's a
24     will or is designed to or may readily be converted to
25     expel a projectile by action of an explosive.  So it is,

```
 1     in fact, a firearm within the reading of the statute.
 2                 THE COURT:  All right.  And you're in
 3     agreement with that?
 4                 THE DEFENDANT:  Yes, your Honor.
 5                 THE COURT:  All right.  Mr. Shanker, are you
 6     satisfied with the sufficiency of the plea?
 7                 MR. SHANKER:  I am, your Honor.
 8                 THE COURT:  The Court is likewise satisfied
 9     that the plea tendered today is voluntary, knowledgeable
10     and accurate.  The elements of the charge have been
11     established by the testimony received from Mr. Abu-Rayyan.
12     The Court will therefore accept the plea of guilty,
13     adjudicate him guilty of both charges in the indictment,
14     and we will refer this matter for a Pre-Sentence Report so
15     we can conduct a sentencing hearing on what date?
16                 THE CLERK:  January 9th at 10:30.
17                 MR. WATERSTREET:  Your Honor, there was also
18     a provision of forfeiture of the firearm and the
19     ammunition.  There was a signed forfeiture agreement
20     stipulated, preliminary order of forfeiture.
21                 THE COURT:  All right.  That's been approved
22     by Mr. Abu-Rayyan as well?
23                 MR. WATERSTREET:  Yes.
24                 THE COURT:  You had a chance to review the
25     stipulated preliminary order of forfeiture, Mr.
```

1    Abu-Rayyan?
2                    **THE DEFENDANT:**  Yes, I have, your Honor.
3                    **THE COURT:**  And you understand it?
4                    **THE DEFENDANT:**  I understand, your Honor.
5                    **THE COURT:**  And you signed it?
6                    **THE DEFENDANT:**  Yes, your Honor.
7                    **THE COURT:**  All right.  The Court will enter
8    that order then as presented.
9         Anything else?
10                   **MR. WATERSTREET:**  There was one other matter,
11   your Honor.  I had the checklist, and I may have missed
12   it.  I failed to check off that the Court can impose a
13   special assessment of $100 per count?
14                   **THE COURT:**  I missed it.  You're right.
15        There is a $100 special assessment to be paid in
16   connection with the sentencing decision, you understand
17   that Mr. Abu-Rayyan?
18                   **THE DEFENDANT:**  Yes.
19                   **THE COURT:**  And also, that the Court could
20   order the imposition of a fine.  I did mention the
21   $250,000 maximum fine, right?
22                   **THE DEFENDANT:**  Yes, your Honor.
23                   **THE COURT:**  Anything else?
24                   **MR. WATERSTREET:**  I think that covers it.
25                   **THE COURT:**  Mr. Shanker?

*16-20098; USA v. KHALIL ABU-RAYYAN*

1          **MR. SHANKER:**  Your Honor, I have one request.
2    I was wondering if we would get Mr. Abu-Rayyan transferred
3    to Milan?  He's been at Midland the whole time.  It's very
4    difficult for me to get up there on a regular basis, and
5    it is difficult for his family to visit him, and it would
6    be helpful just for him and for me to meet with him prior
7    to sentencing.
8          **THE COURT:**  All right.  Since the time
9    between now and sentencing we'll require a fair amount of
10   contact between the two, is there any problem do you think
11   finding room for him at Milan?
12         **THE MARSHAL:**  It shouldn't be a problem.  We
13   will have to check with the guys downstairs.
14         **MR. SHANKER:**  Thank you.
15         **THE COURT:**  All right.  Very good.  See you
16   in January.
17         **MR. SHANKER:**  Thank you.
18         **MR. WATERSTREET:**  Thank you.
19
20               (Proceedings concluded.)
21                      -  -  -
22
23
24
25

*16-20098; USA v. KHALIL ABU-RAYYAN*

```
 1                    C E R T I F I C A T I O N
 2             I, Ronald A. DiBartolomeo, official court
 3   reporter for the United States District Court, Eastern
 4   District of Michigan, Southern Division, appointed
 5   pursuant to the provisions of Title 28, United States
 6   Code, Section 753, do hereby certify that the foregoing is
 7   a correct transcript of the proceedings in the
 8   above-entitled cause on the date hereinbefore set forth.
 9             I do further certify that the foregoing
10   transcript has been prepared by me or under my direction.
11
12   _____              _____
     Ronald A. DiBartolomeo, CSR                       Date
13   Official Court Reporter
14                            - - -
```

*16-20098; USA v. KHALIL ABU-RAYYAN*